IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIANA RASPINO, | : | CIVIL ACTION |
| | : | NO. 08-321 |
| Petitioner, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | NO. 04-182-02 |
| Respondent. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    NOVEMBER 13, 2008

    Petitioner Eliana Raspino filed this habeas corpus
petition under 28 U.S.C. § 2255, collaterally attacking her
sentence and asking the Court to vacate, set aside, or correct
her sentence.  She presents three arguments: (1) the Government
failed to disclose exculpatory material to Petitioner; (2)
ineffective assistance of counsel; and (3) conflict of interest
of her attorney, Richard Harris.  For the following reasons,
Petitioner's motion is denied.


I.  **BACKGROUND**

    Petitioner was charged by a superseding indictment with
one count of conspiracy to commit bankruptcy fraud, in violation
of 18 U.S.C. § 371 (Count 1); four counts of bankruptcy fraud, in
violation of 18 U.S.C. § 152 (Counts 2 and 4-6); one count of

making false statements when seeking a loan, in violation of 18 U.S.C. § 1014 (Count 9); and two counts of money laundering, in violation of 18 U.S.C. § 1957 (Counts 10 and 11).  Petitioner proceeded to a jury trial and was found guilty on Counts 1, 2, 5, 6, 9, 10, and 11.[1]  Petitioner was found not guilty on Count 4.

---

[1]     Petitioner's charges were based upon her conduct in conjunction with two incidents: (1) the bankruptcy proceedings of Philadelphia Super Food Store, Inc. ("PSFS"); and (2) the loan/lease agreement for the purchase of equipment for a supermarket at Progress Plaza in Philadelphia.  Petitioner and her business associate, Donald Wargo, each owned 50% of PSFS, the company that owned two West Philadelphia supermarkets.  Petitioner and Wargo also owned a separate corporation, Super Food Store, Inc, a company which planned to open a third supermarket at Progress Plaza.

        Bankruptcy Proceeding.  On March 11, 1999, PSFS filed for bankruptcy.  The two grocery stores kept operating under the provisions of Chapter 11, but by August 1999, the bankruptcy was converted to a Chapter 7 liquidation.  Upon the stores' closings, Petitioner and her co-defendant, Robert Joyce, directed store employees to remove certain equipment from the stores; such equipment was property of the store and part of the bankruptcy estate.  Neither Petitioner, nor her co-defendant, informed the bankruptcy court of the removal of this equipment.  In addition, Petitioner concealed the proceeds of two insurance claims with Wheeler Adjustment Services which were pending at the time of liquidation.  Petitioner spent these funds on personal expenses.

        Loan/ Lease Agreement.  In early 1998, Petitioner and Wargo sought a loan from Jefferson Bank for equipment to place in a supermarket at Progress Plaza.  During the loan application process, Petitioner submitted personal financial statements and a resume detailing her supermarket management experience.  Both her financial statements and resume contained false statements.  As a result of these false statements, Petitioner and Wargo were approved for a $183,000 loan.  Petitioner failed to use these funds for the intended purposes, and the loan proceeds were categorized as "stolen funds."

Petitioner was sentenced by this Court to 36 months imprisonment, 5 years supervised release, restitution of $457,166, a special assessment of $700, and forfeiture of $211,000.  On appeal, this Court's judgment was affirmed by the Third Circuit.

## II.  ANALYSIS

Section 2255 allows a prisoner in custody to attack his sentence if it was imposed in violation of the Constitution or federal statute, the court lacked jurisdiction to impose it, it exceeds the maximum allowed by law, or it is otherwise subject to collateral attack.  See 28 U.S.C. § 2255.  The petitioner is entitled to an evidentiary hearing as to the merits of her claim unless it is clear from the record that the petitioner is not entitled to relief.  See United States v. Victor, 878 F.2d 101, 103 (3d Cir. 1989).  Here, Petitioner is not entitled to an evidentiary hearing because it is clear from the record that her § 2255 petition should be denied for the following reasons.

### A.  FAILURE TO DISCLOSE EXCULPATORY MATERIAL

Petitioner argues that the Government's failure to disclose Wargo's conviction and produce summaries of its interviews with him violated Brady v. Maryland, 373 U.S. 83

-3-

(1963).[2]  Pursuant to Brady, due process requires the prosecution to disclose evidence "material to either guilt or to punishment." 373 U.S. at 87.  To prevail upon a Brady claim, a petitioner must prove that the evidence was: (1) suppressed; (2) favorable; and (3) material to the defense.  Riley v. Taylor, 277 F.3d 261, 301 (3d Cir. 2001).

        The Third Circuit addressed this issue on Petitioner's direct appeal.  See United States v. Joyce, 257 Fed. Appx. 501 (3d Cir. 2007).  In regard to the Government's failure to disclose Wargo's conviction, the court found that a Brady violation did not occur because the Government did not in fact suppress the fact of Wargo's conviction.  The court emphasized that Brady does not require the Government to provide a defendant "with information which he already has or, with any reasonable diligence, he can obtain himself."  Id. at 504 (citing United States v. Pelullo, 399 F.3d 197, 213 (3d Cir. 2005)).  Because Petitioner was familiar with Wargo's criminal business ventures in the Eastern District of Pennsylvania and the District of New Jersey, Petitioner would have been able to ascertain whether Wargo possessed exculpatory evidence.  Id. at 505.  In addition, the Government did not violate Brady by failing to produce

---

        [2]    Notably, Wargo was not prosecuted in the Eastern District of Pennsylvania.  Wargo pleaded guilty in the District of New Jersey to a case involving Petitioner and co-defendant Joyce, and a different supermarket in Trenton.

summaries of its interviews with Wargo.  The Third Circuit noted that no <u>Brady</u> violation occurred because Wargo's interviews did not contain "material and exculpatory evidence."  <u>Id.</u> at 505.

This Court need not address this issue because it was already adjudicated on direct appeal.  <u>See</u> <u>United States v. Lawton</u>, No. 01-630, 2005 U.S. Dist. LEXIS 6123, at *10 (E.D. Pa. Mar. 21, 2005) ("Section 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'")(quoting <u>United States v. DeRewal</u>, 10 F.3d 100, 105 n.4 (3d Cir. 1993)).

**B.  INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner argues that her counsel, Richard Harris, was ineffective for four reasons:

(1) failed to uncover evidence of Wargo's conviction and interview summaries;

(2) insisted that neither Raspino, nor Joyce testify at trial;

(3) failed to bring into evidence that signatures on suspect contracts attributed to Raspino were "forgeries;" and

(4) failed to call Wargo as a witness

In order to prevail upon an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  First, petitioner must show that her counsel's performance was

-5-

deficient.  Id. at 687.  This requires a showing that counsel
made errors so serious that counsel was not functioning as the
"counsel" guaranteed by the Sixth Amendment.  Id.  Second,
Petitioner must show that the deficient performance prejudiced
the defense.  Id.

      The Court denies Petitioner's ineffective assistance of
counsel claim because Petitioner fails to meet both prongs of
Strickland.  Even assuming that any of the examples of
ineffective assistance of counsel proffered by Petitioner do
constitute deficient performance to satisfy prong one of
Strickland, Petitioner is unable to show that any of these
actions were prejudicial to her defense.

      First, the Court rejects the ineffective assistance of
counsel claim based upon counsel's failure to uncover evidence of
Wargo's conviction and interview summaries.  The Third Circuit
expressed skepticism as to whether Wargo's conviction would be
"either favorable to the Defendants or material to their guilt or
punishment."[3]  Joyce, 257 Fed. Appx. at 505.  Moreover, as this
Court noted and the Third Circuit affirmed, the plea itself would
not have been admissible because Wargo did not testify.  (Doc.

---

     [3]    In its Brady violation analysis, the Third Circuit
found that no violation occurred because the Government did not
in fact suppress Wargo's violation.  Thus, although the court
expressed skepticism as to whether disclosure of the conviction
would be helpful to the defense, it did not need to reach
resolution as to this issue.  Joyce, 257 Fed. Appx. at 505.

no. 129, pp 55-56).  In light of the fact that Wargo did not testify, Petitioner fails to articulate how her counsel's failure to uncover Wargo's convictions and prior government interviews were prejudicial to her case.[4]

Second, the Court rejects the ineffective assistance of counsel claim based upon counsel's insistence that neither Raspino, nor Joyce testify at trial.  Importantly, in the declaration of Petitioner's counsel included within the Government's opposition to Petitioner's § 2255 motion, Harris stated, "It has always been my practice to leave the final decision as to whether a defendant will testify at that defendant's trial to the defendant...I followed this practice with respect to Ms. Raspino...I outlined my view on whether or not she should testify, and recommended that she testify.  After giving it consideration, defendant rejected my advice and decided that she would not testify."  (Doc. no. 212, Ex. D at 2-3).  However, even assuming that Petitioner was counseled not to testify at trial, Petitioner fails to express that she wished to testify, or that she was prejudiced by any alleged encouragement not to testify.

Next, the Court rejects the ineffective assistance of

---

[4]    Moreover, Government counsel, Albert S. Glenn, submitted to the Court that he was present during the Wargo interviews at issue and "there was no exculpatory information" revealed.  (Doc. no. 129, pp 56).

counsel claim based upon counsel's failure to bring into evidence that signatures on suspect contracts attributed to Raspino were "forgeries."  Again, Petitioner fails to articulate how this evidence would have be useful to her case.  As the Government notes in its response to Petitioner's motion, even if the signature on suspect contracts were false, it would have had no effect on "her oral false statement to the loan officer, her money laundering transactions with the stolen/lease proceeds, her part in stealing supermarket equipment, or in stealing the insurance proceeds which belonged to the bankruptcy estate." (Doc. no. 213, pp 27).  Because exclusion of this material was not prejudicial to Petitioner, her ineffective assistance of counsel claim on this ground fails.

        Finally, the Court rejects the ineffective assistance of counsel claim based upon counsel's failure to call Wargo as a witness.  In her habeas petition, Petitioner offers a series of speculations concerning Wargo's potential testimony.[5]  When a petitioner claims that counsel's failure to call a witness resulted in prejudice, "[s]uch a showing may not be based on mere

_____

        [5]     Such speculations include: (1) "[Wargo] ordered additional supermarket equipment to be moved into storage;" (2) "[Wargo claimed that the additional supermarket equipment] did not bleong to the two stores in bankruptcy;" (3) "Wargo [gave] banks doctored up paperwork/ information on Defendant Raspino, his parts, as part of the loan packages on stores;" and (4) "Wargo [hid] his assets from everyone, creditors, etc., a year before the company went down."

-8-

speculation about what the witnesses [counsel] failed to locate might have said." United States v. Gray, 878 F. 2d 702, 714 (3d Cir. 1989).  Rather, at the very least, "petitioner must make a specific affirmative showing as to what the evidence would have been. . . ."  Blout v. United States, 330 F. Supp 2d 493, 497 (E.D. Pa. 2004) (citing Patel v. United States, 19 F.3d 1231, 1237 (7th Cir. 1994)).  Under these circumstances, Petitioner has made no such showing.  Because Petitioner fails to satisfy Stickland, Petitioner's claim is denied.

### C.  CONFLICT OF INTEREST

Petitioner argues that her counsel, Harris, had a conflict of interest with respect to whether Wargo would be called as a witness.  Specifically, Petitioner alleges that the conflict arose because Harris later joined the Obermayer law firm, the same firm that represented Wargo at the time of the trial.  The Court denies this claim because Harris had no conflict with counsel at the time of trial.

As Harris stated in his declaration, he did not join the Obermayer firm until May 2007.  Harris further states, "at the time of trial, December 2004, I had not had any discussions with the Obermayer law firm concerning my joining that law firm. I did not know anyone at the Obermayer law firm in December 2004 . . . No one attempted to influence my decision as to whether or

not to call Donald Wargo as a Witness at Ms. Raspino's trial."
(Doc. no. 212, Ex. D at 3).  Under these circumstances, there is
no conflict of interest and no basis for Petitioner's § 2255
claim on this ground.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIANA RASPINO,                    :    CIVIL ACTION
          Petitioner,             :    NO. 08-321
                                   :
                                   :
     v.                            :
                                   :
UNITED STATES OF AMERICA,          :    CRIMINAL ACTION
                                   :    NO. 04-182-02
          Respondent.             :

## O R D E R

**AND NOW,** this **13th** day of **November 2008,** upon consideration of the petition for writ of habeas corpus (doc. no. 199), it is hereby **ORDERED** that the petition is **DENIED.**

**IT IS FURTHER ORDERED** that there is no probable cause to issue a Certificate of Appealability.[6]

**IT IS FURTHER ORDERED** that the case shall be marked **CLOSED.**

**AND IT IS SO ORDERED.**

  S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

_____

          [6]    A prisoner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). No basis for a certificate of appealability exists in this case, as Petitioner is unable to meet this standard.